

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,360-01

### EX PARTE LIONEL SABATIER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-20,900-A IN THE 173RD DISTRICT COURT
### FROM HENDERSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance in a drug free zone and sentenced to five years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because he was misadvised regarding parole eligibility by his counsel. Applicant also contends that his trial counsel rendered ineffective assistance because counsel failed to investigate the validity of the drug free zone finding.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact as to what investigation trial counsel performed before advising Applicant to plead guilty to the charges. The trial court shall also make specific findings as to whether counsel told Applicant that he would be eligible for parole in seven months and three days, despite a conviction for an offense committed in a drug free zone. If the court finds counsel gave inaccurate advice as to parole, it should make specific findings as to whether that advice induced Applicant to plead guilty. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 10, 2014
Do not publish